Case: 1:26-mj-00139
Assigned To : Sharbaugh, Matthew J.
Assign. Date : 8/14/2026
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

1.      On August 5, 2026, the Honorable G. Michael Harvey, United States Magistrate Judge for the District of Columbia, signed Search Warrant 26-sw-248, authorizing the search of two residences, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in relation to a Homeland Security Investigation ("HSI") retail theft investigation. Jerrell HENRY was not the subject of the theft investigation; however, he was a person of interest and his registered vehicle had previously been seen outside this address on July 16, 2026. On August 10, 2026, law enforcement executed the search warrant at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2.      Once arriving at the front door of the residence, Metropolitan Police Department ("MPD") officers, in an effort to avoid any property damage and optimize scene safety, conducted a loud verbal knock and announce. After a reasonable amount of time, entry was made into the location.

3.      Once inside the location, law enforcement encountered Jerell HENRY (DOB: ▮▮▮▮, PDID: ▮▮▮▮) coming from the kitchen area of the residence. He was immediately stopped, while law enforcement continued to clear the entire residence. Law enforcement did not see HENRY outside the apartment before entry. HENRY was the only person inside the three-bedroom residence at the time of entry and was wearing sleeping attire. One of the bedrooms was designed to be used as a bedroom; the second bedroom was a child's bedroom based on the presence of a child-sized bunk bed; and the third bedroom had been converted into a home gym and did not have a bed inside. The bed in the first bedroom was made up and did not appear to have been slept in. Once the location was deemed clear and safe, law enforcement conducted a search of the entire residence.

4.      During the search kitchen, law enforcement located inside the kitchen:

- One large Ziplock bag containing a loose white substance of suspected powder cocaine, found inside a crockpot with a clear lid that was in a lower kitchen cabinet. *See* Figure 1, below. The substance later field tested positive for cocaine, and with packaging weighed 956 grams. S*ee* Figure 2, below.



Figure 1                               Figure 2

- A red and black package was located inside a black plastic bag in an upper cabinet. *See* Figure 3 (outlined in blue). The package contained a loose white substance suspected to be cocaine. With packaging, the suspected cocaine weighed 1,175 grams. *See* Figure 4.



*Figure 3*                                *Figure 4*

- A large bag containing suspected Psilocybin (mushrooms) next to the packaged cocaine. *See* Figure 3 (yellow arrow);

- A one-third full 16.9 fl. oz. Deer Park-brand water bottle containing a clear amber liquid of suspected phencyclidine ("PCP"). *See* Figure 3 (green arrow);

- One full ounce of a clear amber liquid emanating a chemical odor consistent with suspected PCP located in the cabinet directly behind the Deer Park bottle;

- A black plate with white substance in the upper cabinet adjoining the cabinet with the Deer Park bottle. *See* Figure 5, below (green arrow to Deer Park bottle);



*Figure 5*

- A bag containing 167 blue pills stamped with the letters "M/30";

- A digital scale with a powdery substance;

- Two razors with white residue;

- Measuring cup with white residue;

- Plastic cup with white residue;

- Wrapping funnel with white powder residue.

5.      During the search of the living areas next to the kitchen, law enforcement recovered $5,790 in U.S. Currency in various denominations, and a funnel in a black bag on the dining room table behind the living room sofa, which was next to the kitchen. In addition, law enforcement located mail matter bearing Jerrell HENRY's name with the search location listed as his address on the dining room table. *See* Figure 6.



*Figure 6*

6.      As law enforcement continued searching the living room, they located a Glock 27 semi-automatic pistol bearing serial number "█████████" stuffed in between the couch cushions on the sofa. *See* Figures 7-9, below. The firearm was loaded with one round in the chamber and 17

rounds in a 22-round capacity magazine. There was also a blanket half strewn on the sofa and half pooling off the side, indicating someone may have been sleeping on the couch. The living room where the couch was located is next to the kitchen and there are no doorways or doors impeding access into the kitchen. As stated previously, at the time of entry, the only adult-sized bed in the apartment appeared to have been unused, HENRY was wearing sleeping attire, and the couch appeared to have been slept on based on the presence of the blanket.



|        *Figure 7*        |        *Figure 8*        |        *Figure 9*        |

7.      A search of an upstairs bedroom revealed a plastic twist containing a white rock-like substance. This item was located above a charger that was plugged into the wall, and was in plain view of law enforcement when they entered the bedroom. *See* Figure 10.



*Figure 10*

8.     Presumptive field tests were performed on the suspected cocaine found in the crockpot in the kitchen, the red and black package in the kitchen, and the plastic twist in the upstairs bedroom, and all gave positive indications for the presence of cocaine base.

9.     Based on the above facts and circumstances, the quantity of suspected narcotics recovered, the different variety of suspected narcotics recovered, the manner in which the narcotics were packaged, and the presence of instruments commonly used to separate larger quantities of narcotics into smaller, individually packaged amounts, all suggest the narcotics were intended for distribution as opposed to personal use. This is supported by the lack of paraphernalia commonly used for personal consumption.  Finally, the recovery of a large amount of U.S. Currency, in various denominations, is consistent with proceeds from narcotics transactions.

10.     Thus, in light of the above, and based on the training and experience of your affiant, the suspected cocaine and PCP recovered from the kitchen was more consistent with possession with intent to distribute.

11.     Law enforcement did not recover anything from Henry's person search incident to arrest.

12.     Based on the foregoing facts, I submit that there is probable cause to believe that on August 10, 2026, Jerrell HENRY violated 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii), which makes it a crime for any person to possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of isomers.

_____

Michael M. Reese
Task Force Officer (DEA)
Metropolitan Police Department

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, the fourteenth day of August, 2026.

_____
HONORABLE  MATTHEW SHARBAUGH
UNITED STATES MAGISTRATE JUDGE